IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Betty Dusange-Hayer and Ishan Holdings and Development Corporation, | ) CIVIL ACTION NO. 2:15-4341-DCN-BM )  ) |
| Plaintiffs, | ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| Karnalyte Resources, Inc., Robin Phinney, Quentin Plester, Julius Brinkman, Henry Kerhoven, Sokurn Sue Ng, Vishvesh D. Nanavaty, Sanjeev V. Varma, Mukund Purohit John Doe 1-10 and Jane Doe 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |

This action has been filed by the Plaintiffs, pro se. The named natural Plaintiff (Betty Dusange-Hayer) is alleged to be a citizen and resident of Canada, while the corporate Plaintiff (hereinafter "Ishan Holdings") is alleged to be a Canadian corporation. In their Complaint, Plaintiffs assert various claims against the named Defendants, apparently relating to a purported financing agreement and other business arrangements between the parties.[1]

It does not appear that the Defendants have ever been served with process. Even so, the Defendants filed a motion to dismiss on March 24, 2016, on several grounds, including lack of

---

[1] The pro se Complaint is difficult to follow with respect to the actual nature of the relationships between the parties and how those relationships resulted in Plaintiff's claims.



personal jurisdiction.² As the Plaintiffs are proceeding pro se, a Roseboro order was entered by the Court on March 25, 2016, advising Plaintiffs of the importance of a dispositive motion and of the need for them to file an adequate response. Plaintiffs were both specifically placed on notice that if they failed to file an adequate response, the Defendants' motion may be granted, thereby ending their case. Additionally, in a separate Order entered that same date, Plaintiff Ishan Holdings was advised that, as a corporate entity, it could not proceed pro se in this case, nor could the other Plaintiff (Dusange-Hayer) represent the corporate Plaintiff, as there was no indication that Dusange-Hayer is an attorney. See generally Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) [recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities, and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"]. Plaintiff Ishan Holdings was directed to obtain counsel within thirty days, and was further advised that its failure to do so could result in dismissal of its claims, without prejudice. See, e.g., Carrico v. Village of Sugar Mountain, 114 F.Supp.2d 422, 424 (W.D.N.C. 2000) [Holding that a corporate plaintiff's claims must be dismissed due to failure of any attorney to appear for the corporation], affd, 13 F.Appx. 79 (4th Cir 2001).

No response in opposition to the Defendants' motion to dismiss was filed by the deadline set forth in the Court's Roseboro order, no attorney has filed a notice of appearance on Ishan

---

²All of the Defendants are alleged to be Canadian citizens, citizens of India, or Canadian corporations, located in India or Canada. See Complaint, p. 4; see also Karnalyte Resources Inc., Affidavit, * * 2-4, 12-13 [Court Docket No. 6-2, pp. 2-3); Phinny Affidavit, * * 2-4 [Court Docket No. 6-2, p. 2].



Holdings' behalf, nor did corporate Plaintiff Ishan Holdings notify the Court that it had obtained counsel by that deadline. However, the Clerk did receive a phone call from someone identifying himself as Santinder Dillion on April 28, 2016, advising that he was in the process of retaining an attorney for Ishan Holdings and requesting an extension of time to respond with counsel, including to the Roseboro order. There is no indication in the Clerk's staff notes as to who Santinder Dillion is, or what relationship this individual might have to the parties or claims in this case. Even so, in light of the Plaintiffs' pro se status, an extension of twenty days was granted for the corporate Plaintiff to obtain counsel and to respond to the motion to dismiss. See Text Order (Court Docket No. 14).

At the end of this twenty day extension period, the Clerk received another call "on behalf of the Plaintiff" on May 18, 2016 stating that Plaintiff was currently in the hospital after suffering a medical emergency, but that "they" would be mailing in a letter regarding the status of securing an attorney. There is no indication on the docket who made this phone call or who it was from. The following day, May 19, 2016, defense counsel filed a letter with the Court noting that all of the deadlines set by the Court had expired, and asking that an order be entered granting the Defendants' motion to dismiss.

On June 3, 2016, Plaintiff Dusange-Hayer filed an out of time motion for an extension of time to respond to the Defendants' motion to dismiss, due to her having suffered a "stroke". Dusange-Hayer did not indicate in her motion what time period to respond she was seeking: rather, she stated that she would be consulting with her doctor further in June, would keep the Court informed as to her progress, and that she was, in the interim, asking for an "adjournment" of her case.



Defendants filed a memorandum in opposition to Plaintiff's request for an extension of time, noting therein that neither Plaintiff had ever responded to the motion to dismiss or the Court's Orders requiring them to do so, that the corporate Plaintiff had still never retained counsel in the case, and stating that while the Defendants were "sympathetic to anyone who may be experiencing significant health issues, Ms. Dusange-Hayer's alleged (and as yet undocumented) medical issue and motion are consistent with the pattern of delay and obstruction Plaintiffs have caused Defendants in the Canadian litigation". Defendants attached to their response an affidavit and copies of court documents from Canada involving litigation between these parties in Canada, and which note that Plaintiffs had also sought delays in that case on the grounds of a death in Dusange-Hayer's family, various medical tests and care pertaining to Dusange-Hayer's daughter, a hysterectomy and post operative care for Dusange-Hayer's sister, as well as for Dusange-Hayer's own various medical complaints. See Defendants' attached Exhibit 1 (Ung Affidavit), with attached Exhibits A-H.

After review of the parties' filings, the Court entered an Order on June 28, 2016, granting in part and denying in part Plaintiff's motion for extension of time. Noting the absence of any medical evidence or opinion showing why the case should be stayed due to a medical condition of the Plaintiff, but in consideration of Plaintiff's pro se status, the Court granted Dusange-Hayer an extension to July 15, 2016 to file her response to the motion to dismiss. The Court also noted in that order that the time for the corporate Plaintiff to obtain counsel and respond to the motion to dismiss had expired. However, no response to the Court's Order was received from either Plaintiff by the deadline set forth in that Order, and on July 20, 2016, defense counsel filed another letter with the Court, again asking that an Order granting their motion to dismiss be entered in this case.



On July 22, 2016, the Clerk received a letter from Satinder Dhillon[3] stating that he was attaching a "Declaration with medical evidence . . . regarding . . . Dusange-Hayer's stroke", stating that Dusange-Hayer had an appointment with the "Nuclear Medicine Department" on August 2, 2016 and that "as of now we are not sure when Ms. Dusange-Hayer can meet with lawyers and resume her normal business activities", and requesting that no date be set for the hearing of any further motions, etc. until "after we have a chance to discuss with her doctor's what the next steps will be".  Again, there is no indication in this filing who Satinder Dhillon is, or what relationship this individual has to the Plaintiffs or to this case.  Further, the "Declaration" attached to Dhillon's filing is from yet another individual, Emmet Tisdell Pierce.  In this declaration, Pierce attests that Dusange-Hayer[4] suffered a stroke on April 30, 2016, and that following admission to Vancouver General Hospital "was diagnosed with being at a high risk for a further stroke".  Pierce further attests that Dusange-Hayer was discharged "as an in patient" on July 14, 2016, but would continue to be an "out patient" for the foreseeable future.  Pierce attests that Dusange Hayer is also making regular visits to other physicians for other medical issues (an ophthalmologist, audiologist, and cardiologist), that she had an appointment on August 2, 2016 with the "nuclear medicine department", and that it is "unclear right now" when Dusange-Hayer will be able to met with her lawyers and advisors and resume her regular business activities.  <u>See generally</u>, Pierce Declaration.

As is the case with Satinder Dhillon, there is no indication in this declaration who

---

[3] Apparently the correct spelling of this individual's name.

[4] Although this individual purports to be someone with knowledge of the Plaintiff and her condition, it is noted that Pierce incorrectly states Plaintiff's name as "Hayer-Dusange" throughout his declaration.



Emmet Tisdell Pierce is, or what relationship he has to the Plaintiffs or to this litigation. Further, although Pierce has attached copies of various medical records to his declaration, nothing in these medical records show or indicate that Plaintiff is disabled, incapacitated, or otherwise unable to administer her affairs.

Finally, the Clerk has now also received an email from Emmet Pierce on July 26, 2016, attaching several documents and stating that "opposing counsel has also been sent a package containing all of these same documents". These documents, a second copy of which were received by the Clerk on July 27, 2016, include a "Plaintiff's Motion" to reconsider the previous Order entered on Plaintiff's request for an extension of time, which is signed, not by the Plaintiff, but by Emmet Pierce (who now identifies himself as the "Director" of the Defendant Ishan Holdings), as well as another declaration from Pierce stating that July 25, 2016 was the first time "the Plaintiffs" had read the Court's text Order of June 28, 2016.

## Discussion

After careful review and consideration of the filings in this case in conjunction with the applicable case law, the undersigned finds and concludes that this case should be dismissed. First, Plaintiff Ishan Holdings has never obtained counsel in this case, despite having been specifically advised that it could not represent itself pro se, nor could co-plaintiff Dusange-Hayer represent the corporate Plaintiff in this case. See generally Rowland, 506 U.S. at 202 [recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"]; Days Inn



Worldwide, Inc. v. JBS, Inc., No. 4:08-cv-1771-TLW-TER, 2010 WL 625391 (D.S.C. Feb. 19, 2010); see also First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290 (Fed. Cir. 1999)[pro se actions by non-attorneys on behalf of corporations "fail for lack of standing"]; Pridgen v. Andresen, 113 F. 3d 391, 392-93 (2d Cir. 1997)[pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"]; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)["Courts also have interpreted this section to preclude a corporation from appearing through a lay representative."]; see also First Hartford Corp. Pension Plan and Trust v. U.S., 194 F.3d 1279, 1291 (Fed. Cir. 1999); McGowan v. Cross, Nos. 92-1480, 92-1584, 1993 WL 125416 at *3, n. 1 (4th Cir. April 22, 1993).

    As previously noted, in the Court's Order entered March 25, 2016, Ishan Holdings was specifically advised that if it failed to obtain counsel to represent it in this case, it would be subject to dismissal without prejudice. Notwithstanding this warning and the specific instructions as set forth in the Court's Order, however, including an extension of time granted to this Plaintiff to retain counsel by Order of the Court filed April 28, 2016, Ishan Holdings has not retained counsel and has taken no action to continue a prosecution of this case.[5] Therefore, as the corporate Plaintiff has failed to retain counsel, it should be dismissed as a party Plaintiff in this case, without prejudice. Carrico, 114 F.Supp.2d at 424 [Holding that a corporate plaintiff's claims must be dismissed where no

---

[5]To the extent "Plaintiff's Motion to Reconsider", which was attached to Emmet Pierce's email of July 26, 2016, could be viewed as a response from the Plaintiff Ishan Holdings (since Pierce identifies himself in that motion as being a director of Ishan Holdings), that filing does not save the corporate Plaintiff from dismissal in this case. Emmet Pierce is no more able to represent the corporate Plaintiff or file motions or documents on its behalf than co-Plaintiff Dusange-Hayer is. Eagle Associates, 926 F.3d at 1308. Further, this filing, even if submitted on behalf of the corporate Plaintiff, was manifestly out of time.



attorney ever appears for the corporation].

With respect to Plaintiff Dusange-Hayer, as is set forth in the chronology hereinabove, she has failed to ever respond to the Defendants' motion to dismiss, which has now been pending for over four months. Instead, multiple filings have been received, purportedly on her behalf, by individuals identifying themselves as Satinder Dhillon (or Dillion) and/or Emmet Tisdale Pierce. Neither one of these two individuals are parties in this case, neither has identified themselves as, or appear to be, attorneys, and as such neither of these two individuals may represent Plaintiff Dusange-Hayer or file documents and/or motions on her behalf. See 28 U.S.C. § 1654 ["In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."]; cf. Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ["in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer".]; Turner v. American Bar Ass'n,,407 F.Supp. 451, 477 (N.D.Tex. 1975) [§ 1654 "only allows for two types of representation; that by an attorney admitted to the practice of law . . . and that by a person representing himself].[6] Even so, in light of Dusange-Hayer's pro se status, she has been provided extensions of time as well as an opportunity to submit medical documentation to show why further extensions and/or a possible stay of this case should be entered. However, she has provided no medical documentation (such as medical records or sworn statements from physicians or other medical personnel) attesting to a medical condition which would prevent her from prosecuting this case.

Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure

---

[6]Consequently, to the extent Court Docket No. 31 has been docketed as a motion, it is **moot**.



to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

   The record in this case shows that Plaintiff has failed to respond to motions and orders filed in this case and has failed to prosecute her case in accordance with the instructions set forth by the Court, despite being specifically warned that her failure to comply with those orders could result in a dismissal of this case. Hence, the degree of personal responsibility of the Plaintiff is manifest. The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff. Therefore, Plaintiff Dusange-Hayer meets the first and third prongs of the Fourth Circuit's four prong test. Further, while the Plaintiff has engaged in the conduct described herein, the continuation of this action for now over nine months has caused the Defendants to incur continuing costs and expenses associated with this lawsuit. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

9



As for the fourth prong of the Fourth Circuit's four prong test, the record in this case shows that Plaintiff Dusange-Hayer has failed to respond in any meaningful way to motions and filings from the Defendants and the Court, or to prosecute her case in any meaningful way. While the undersigned is mindful of the fact that this Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, Plaintiff was specifically warned by the Court that her failure to respond to the Defendants' motion could result in dismissal of her case. See Order (Court Docket No. 8). Cf. Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]. She has failed to respond to that motion or address the grounds for dismissal set forth therein, nor has she provided the Court with any medical evidence or documentation to support her claim that she is at this time medically incapable of proceeding with her case at this time.

Therefore, dismissal of this case in toto is appropriate. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). Even so, in consideration of Plaintiff's pro se status, as well as the fact that she has claimed that she is suffering from a disabling medical condition at this time (although she



10

had failed to document this condition), the dismissal of Plaintiff Dusange-Hayer's claim should be without prejudice.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted, in part**, and that for the reason forth hereinabove, this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.[7]

_____
Bristow Marchant
United States Magistrate Judge

July 29, 2016
Charleston, South Carolina

---

[7]In addition to the address for the Plaintiffs shown on the docket of this case, Emmet Pierce submitted a change of address notice with his filing of July 27, 2016. See Court Docket No. 31. As previously noted, Emmet Pierce is not a party in this case, there is no indication anywhere that he is a retained attorney in this case, and he therefore has no authority to submit filings or motions (to include a change of address notice) for the Plaintiffs in this case. Even so, out of an abundance of caution, the Clerk is directed to mail a copy of this Report and Recommendation, addressed to Plaintiff Dusange-Hayer, to the address shown on Court Docket No. 31, as well as to the Plaintiffs' address as shown on the docket of this case.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

